## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-00337-WJM-KMT

CHRISTOPHER P. SWEENEY and
NIKOLE M. SWEENEY,

Plaintiffs,

v.

CITY OF COLORADO SPRINGS, COLORADO,
STETSON HILLS MASTER HOME OWNERS ASSOCIATION, INC., and
DIVERSIFIED PROPERTY MANAGEMENT, LLC,

Defendants.

---

### ANSWER TO COMPLAINT AND JURY DEMAND (Doc. 1)

---

Defendant City of Colorado Springs ("Defendant" or "City") by and through the Office of

the City Attorney, responds to the Plaintiffs' Complaint & Jury Demand (Doc. 1) ("Complaint")

as follows:

### I. INTRODUCTION

1.      In response to the allegations contained in paragraph 1 of the Complaint, the

Defendant lacks sufficient knowledge or information to either admit or deny that Christopher P.

Sweeney ("Mr. Sweeney") is a disabled veteran wounded in the line of duty and, therefore,

denies this allegation. The Defendant admits that Mr. Sweeney and Nikole M. Sweeney ("Ms.

Sweeney") (collectively "Plaintiffs") currently reside at 6224 La Plata Peak Drive, Colorado

Springs, Colorado.  The Defendant lacks sufficient knowledge or information to either admit or

deny that the Plaintiffs have resided at 6224 La Plata Peak Drive, Colorado Springs, Colorado

since March of 2014 and, therefore, denies this allegation.  The Defendant denies any allegations contained in paragraph 1 that are not expressly admitted herein.

2.      In response to the allegations contained in paragraph 2 of the Complaint, the Defendant admits that 6224 La Plata Peak Drive, Colorado Springs, Colorado is within the Stetson Hills Master Home Owners Association, Inc.  The Defendant lacks sufficient knowledge or information to either admit or deny whether Diversified Property Management, LLC, manages the neighborhood that includes 6224 La Plata Peak Drive, Colorado Springs, Colorado and, therefore, denies this allegation.  The Defendant lacks sufficient knowledge or information to either admit or deny whether the Plaintiffs realized there were a plethora of issues impacting accessibility for Mr. Sweeney, that Mr. Sweeney is largely bound to a wheelchair, and the remaining allegations contained in paragraph 2 of the Complaint and, therefore, denies those allegations.

3.      The Defendant denies the allegations in paragraph 3 of the Complaint.

4.      The Defendant denies the allegations in paragraph 4 of the Complaint.

5.      In response to the allegations in paragraph 5 of the Complaint, the Defendant denies there are issues with the City's curb ramps and denies the driveways in the Plaintiffs' neighborhood were not constructed in accordance with the Code of the City of Colorado Springs ("City Code").   The Defendant admits vehicles park in driveways in the Plaintiffs' neighborhood and, at times, the vehicles extend over or onto the sidewalk. The Defendant denies any allegations contained in paragraph 5 that are not expressly admitted herein.

6.      In response to the allegations in paragraph 6 of the Complaint, the Defendant denies that the situation was caused in any way by the Defendant.  The Defendant lacks sufficient knowledge or information to either admit or deny the allegation that the situation has

been significantly exacerbated by the decision of the Stetson Hills Master Home Owners Association, Inc. and Diversified Property Management, LLC (collectively the "HOA"), to enforce covenants that prohibit certain street-side parking and encourage HOA members to park in their driveways and any remaining allegations in paragraph 6 and, therefore, denies these allegations.

7.      The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 7 of the Complaint and, therefore, denies the allegations contained in that paragraph.

8.      The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 8 of the Complaint and, therefore, denies the allegations contained in that paragraph.

9.      The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 9 of the Complaint and, therefore, denies the allegations contained in that paragraph.

10.     In response to the allegations in paragraph 10 of the Complaint, the Defendant admits that the Plaintiffs sought the Defendant's assistance, requested that the Defendant provide assistance by ensuring that the sidewalks remain accessible to individuals with mobility disabilities, and requested enforcement of specific City Code ordinances.  The Defendant denies any allegations contained in paragraph 10 that are not expressly admitted herein.

11.     The Defendant denies the allegations in paragraph 11 of the Complaint.

12.     In response to the allegations in paragraph 12 of the Complaint, the Defendant denies that the actions of the Defendant have prevented Mr. Sweeney from accessing much of the City including, but not limited to, a host of different public accommodations.  The Defendant

lacks sufficient knowledge or information to either admit or deny the HOA's actions and any remaining allegations contained in paragraph 12 of the Complaint and, therefore, denies these allegations.

13.     In response to the allegations in paragraph 13 of the Complaint, the Defendant admits that Congress enacted the Americans with Disabilities Act of 1990, as amended.  The Defendant states that the Americans with Disabilities Act speaks for itself.  The Defendant denies any allegations contained in paragraph 13 that are not expressly admitted herein.

14.     In response to the allegations in paragraph 14 of the Complaint, the Defendant admits the Plaintiffs assert claims under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Fair Housing Act.  The Defendant denies it has violated any of these Acts and denies any remaining allegations contained in paragraph 14.

## II. JURISDICTION AND VENUE

15.     In response to the allegations in paragraph 15 of the Complaint, the Defendant admits the Plaintiffs assert claims under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Fair Housing Act.

16.     In response to the allegations in paragraph 16 of the Complaint, the Defendant states that 28 U.S.C. § 1331 speaks for itself.  The Defendant admits that the Court has subject matter jurisdiction over federal claims if there is a cognizable legal basis for the claims.  The Defendant denies any remaining allegations contained in paragraph 16.

17.     In response to the allegations in paragraph 17 of the Complaint, the Defendant states that 42 U.S.C. § 12205 and 42 U.S.C. § 3613(c)(2) speak for themselves.  The Defendant denies the Plaintiffs are entitled to attorneys' fees and costs and denies any remaining allegations contained in paragraph 17.

18.     The Defendant admits the allegations contained in paragraph 18 of the Complaint.

### III. PARTIES

19.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 19 of the Complaint and, therefore, denies the allegations contained in that paragraph.

20.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 20 of the Complaint and, therefore, denies the allegations contained in that paragraph.

21.     In response to the allegations in paragraph 21 of the Complaint, the Defendant admits that the City is a home rule municipality within the state of Colorado.  The Defendant denies that the City is solely or always responsible for constructing, maintaining, repairing, and regulating its sidewalks and curb ramps.  The Defendant admits that the City enforces the City Code. The Defendant denies any allegations contained in paragraph 21 that are not expressly admitted herein.

22.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 22 of the Complaint and, therefore, denies the allegations contained in that paragraph.

23.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 23 of the Complaint and, therefore, denies the allegations contained in that paragraph.

### IV. FACTUAL BACKGROUND

*"The Curb Ramps in Mr. Sweeney's Neighborhood Are Not In Compliance with Federal Law"*
(Doc. 1 at 4).

The Defendant denies the allegations in the heading of section IV of the Complaint which states that the curb ramps in Mr. Sweeney's neighborhood are not in compliance with federal law.

24.     In response to the allegations in paragraph 24 of the Complaint, the Defendant admits that the Plaintiffs currently reside at 6224 La Plata Peak Drive, Colorado Springs, Colorado, which is within the Stetson Hills Master Home Owners Association.  The Defendant lacks sufficient knowledge or information to either admit or deny that the Plaintiffs have resided at 6224 La Plata Peak Drive, Colorado Springs, Colorado since March 22, 2014 and, therefore, denies this allegation. The Defendant lacks sufficient knowledge or information to either admit or deny that Diversified Property Management, LLC, manages the neighborhood that includes 6224 La Plata Peak Drive, Colorado Springs, Colorado, and, therefore, denies this allegation. The Defendant denies any allegations contained in paragraph 24 that are not expressly admitted herein.

25.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 25 of the Complaint and, therefore, denies the allegations contained in that paragraph.

26.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 26 of the Complaint and, therefore, denies the allegations contained in that paragraph.

*"Picture of defective curb ramp located at the corner of Vallecito Drive and La Plata Peak Drive, Colorado Springs, Colorado"* (Doc. 1 at 5).

The Defendant lacks sufficient knowledge or information to either admit or deny the authenticity of the photo labeled picture of defective curb ramp located at the corner of Vallecito

Drive and La Plata Peak Drive, Colorado Springs, Colorado, in section IV of the Complaint, and, therefore, denies the authenticity of the picture and denies the content of the label.

*"Picture of curb ramp only installed on one side of the street, located at the corner of Vermillion Bluffs Drive and Elk Head Drive, Colorado Springs, Colorado"* (Doc. 1 at 6).

The Defendant lacks sufficient knowledge or information to either admit or deny the authenticity of the photo labeled picture of curb ramp only installed on one side of the street, located at the corner of Vermillion Bluffs Drive and Elk Head Drive, Colorado Springs, Colorado, in section IV of the Complaint, and, therefore, denies the authenticity of the picture and denies the content of the label.

27.     In response to the allegations in paragraph 27 of the Complaint, the Defendant admits the neighborhood and its sidewalks and curb ramps within the Ridgeview at Stetson Hills Filing No. 10 Development Plan, which includes 6224 La Plata Peak Drive, Colorado Springs, Colorado, were built after 1996.  The Defendant denies any allegations contained in paragraph 27 that are not expressly admitted herein.

28.     The Defendant denies the allegations in paragraph 28 of the Complaint.

29.     The Defendant denies the allegations in paragraph 29 of the Complaint.

30.     The Defendant denies the allegations in paragraph 30 of the Complaint.

*"Mr. Sweeney Is Denied Meaningful Access to the City's Bus Stops"* (Doc. 1 at 7).

The Defendant denies the allegation in the heading of section IV of the Complaint, which states that Mr. Sweeney is denied meaningful access to the City's bus stops.

31.     The Defendant denies the allegations in paragraph 31 of the Complaint.

*"Picture of inaccessible bus stop located at the corner of Constitution Avenue and Tutt Boulevard, Colorado Springs, Colorado"* (Doc. 1 at 7).

The Defendant lacks sufficient knowledge or information to either admit or deny the authenticity the photo labeled picture of inaccessible bus stop located at the corner of

Constitution Avenue and Tutt Boulevard, Colorado Springs, Colorado and, therefore, denies the authenticity of the picture and denies the content of the label.

32.     The Defendant admits the allegations in paragraph 32 of the Complaint.

33.     The Defendant denies the allegations in paragraph 33 of the Complaint.

34.     The Defendant denies the allegations in paragraph 34 of the Complaint.

*"The sidewalks in Mr. Sweeney's Neighborhood Are Not Accessible to Individuals with Mobility Disabilities"* (Doc. 1 at 8).

The Defendant denies the allegations in the heading of section IV of the Complaint, which states that the sidewalks in Mr. Sweeney's neighborhood are not accessible to individuals with mobility disabilities.

35.     In response to the allegations in paragraph 35 of the Complaint, the Defendant denies that the City's curb ramps are inaccessible.  The Defendant lacks sufficient knowledge or information to either admit or deny allegations relating to Mr. Sweeney's mobility and the impact of vehicles blocking the sidewalks and, therefore, denies those allegations.  The Defendant denies any remaining allegations contained in paragraph 35.

*"Picture of obstructed sidewalk, located at Vallecito Drive between La Plata Peak Drive and Grand Mesa Drive, Colorado Springs, Colorado"* (Doc. 1 at 8).

The Defendant lacks sufficient knowledge or information to either admit or deny the authenticity of the photo labeled picture of obstructed sidewalk, located at Vallecito Drive between La Plata Peak Drive and Grand Mesa Drive, Colorado Springs, Colorado and, therefore, denies the authenticity of the picture and denies the content of the label.

36.     In response to the allegations in paragraph 36 of the Complaint, the Defendant admits that certain homes in the Ridgeview at Stetson Hills Filing No. 10 Development Plan, Colorado Springs, Colorado, were constructed with setbacks inclusive of the sidewalk easements.  The Defendant admits vehicles park in driveways in the Plaintiffs' neighborhood

and, at times, the vehicles extend over or onto the sidewalk. The Defendant denies any allegations contained in paragraph 36 that are not expressly admitted herein.

37.   The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 37 of the Complaint and, therefore, denies the allegations contained in that paragraph.

*"Mr. Sweeney's Request for a Reasonable Accommodation Was Denied By the HOA"* (Doc. 1 at 9).

The Defendant lacks sufficient knowledge or information to either admit or deny the allegations in the heading of section IV of the Complaint, which states that Mr. Sweeney's request for a reasonable accommodation was denied by the HOA and, therefore, denies the allegations.

38.   The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 38 of the Complaint and, therefore, denies the allegations contained in that paragraph.

39.   The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 39 of the Complaint and, therefore, denies the allegations contained in that paragraph.

40.   The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 40 of the Complaint and, therefore, denies the allegations contained in that paragraph.

41.   The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 41 of the Complaint and, therefore, denies the allegations contained in that paragraph.

42.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 42 of the Complaint and, therefore, denies the allegations contained in that paragraph.

43.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 43 of the Complaint and, therefore, denies the allegations contained in that paragraph.

44.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 44 of the Complaint and, therefore, denies the allegations contained in that paragraph.

45.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 45 of the Complaint and, therefore, denies the allegations contained in that paragraph.

*"With the HOA Board Unwilling to Accommodate His Disability, Mr. Sweeney Sought to Enlist the Assistance of the City"* (Doc. 1 at 10).

In response to the allegations in the heading in section IV of the Complaint, which states the HOA Board was unwilling to accommodate Mr. Sweeney's disability and that Mr. Sweeney sought to enlist the assistance of the City, the Defendant admits Mr. Sweeney sought the assistance of the City.  The Defendant lacks sufficient knowledge or information to either admit or deny the allegation that the HOA board was unwilling to accommodate Mr. Sweeney's disability and, therefore, denies the allegation.  The Defendant denies any allegations contained in this heading that are not expressly admitted herein.

46.     The Defendant lacks sufficient knowledge or information to either admit or deny whether there were unsuccessful attempts to work with the HOA, and, therefore, denies this allegation.  The Defendant admits that Mr. Sweeney contacted the City for assistance.  The

Defendant denies any allegations contained in paragraph 46 that are not expressly admitted herein.

47.     The Defendant denies the allegations in paragraph 47 of the Complaint.

48.     In response to the allegations in paragraph 48 of the Complaint, the Defendant admits that on November 19, 2015, Ms. Sweeney submitted a Citizen's Request Form to the City.  The Defendant states that the Citizen's Request Form speaks for itself.  The Defendant lacks sufficient knowledge or information to either admit or deny that there were numerous attempts to contact the City and, therefore, denies this allegation.  The Defendant denies any allegations contained in paragraph 48 that are not expressly admitted herein.

49.     In response to the allegations in paragraph 49 of the Complaint, the Defendant states that the Citizen's Request Form speaks for itself. The Defendant denies any allegations contained in paragraph 49 that are not expressly admitted herein.

50.     In response to the allegations in paragraph 50 of the Complaint, the Defendant states that the Citizen's Request Form and Victoria McColm's ("Ms. McColm") written response speak for themselves.  The Defendant denies any allegations contained in paragraph 50 that are not expressly admitted herein.

51.     In response to the allegations in paragraph 51 of the Complaint, the Defendant denies a haphazard or inaccurate investigation was conducted by Ms. McColm or the City and denies that Ms. McColm or the City failed to properly investigate Ms. Sweeney's Citizen Request.  The Defendant lacks sufficient knowledge or information to either admit or deny the allegation that Mr. Sweeney contacted Land Use Inspector Dennis Wolf ("Mr. Wolf") and, therefore, denies this allegation.  The Defendant denies any remaining allegations contained in paragraph 51.

11

52.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 52 of the Complaint and, therefore, denies the allegations contained in that paragraph.

53.     In response to the allegations in paragraph 53 of the Complaint, the Defendant admits that the City sent a letter to residents in the Plaintiffs' neighborhood and states that the letter speaks for itself.  The Defendant denies any allegations contained in paragraph 53 that are not expressly admitted herein.

54.     In response to the allegations in paragraph 54 of the Complaint, the Defendant admits the City's ADA Title II Coordinator, Michael Killebrew ("Mr. Killebrew"), sent the Plaintiffs a letter.  The Defendant lacks sufficient knowledge or information to either admit or deny whether the letter was sent approximately two months after Mr. Wolf's alleged visit to the Plaintiffs' neighborhood and, therefore, denies the allegation. The Defendant denies any allegations contained in paragraph 54 that are not expressly admitted herein.

55.     In response to the allegations in paragraph 55 of the Complaint, the Defendant states that Mr. Killebrew's letter speaks for itself.  The Defendant denies any remaining allegations contained in paragraph 55.

56.     In response to the allegations in paragraph 56 of the Complaint, the Defendant states that Mr. Killebrew's letter speaks for itself.   The Defendant lacks sufficient knowledge or information to either admit or deny when the Plaintiffs received the letter from Mr. Killebrew and, therefore, denies the allegation.   The Defendant denies any allegations contained in paragraph 56 that are not expressly admitted herein.

57.     In response to the allegations in paragraph 57 of the Complaint, the Defendant states that Mr. Killebrew's letter speaks for itself.   The Defendant denies any remaining allegations contained in paragraph 57.

*"In August of 2016, the Sweeney's Learned that HOA Board President Van Winkle Had Been Making Disparaging Comments About Mr. Sweeney's Disability to Other Members of the HOA"* (Doc. 1 at 12).

The Defendant lacks sufficient knowledge or information to either admit or deny the allegations in the heading of section IV of the Complaint, which states that in August of 2016, the Plaintiffs learned the HOA Board President Van Winkle had been making disparaging comments about Mr. Sweeney's disability to other members of the HOA and, therefore, denies the allegation.

58.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 58 of the Complaint and, therefore, denies the allegations contained in that paragraph.

59.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 59 of the Complaint and, therefore, denies the allegations contained in that paragraph.

60.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 60 of the Complaint and, therefore, denies the allegations contained in that paragraph.

61.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 61 of the Complaint and, therefore, denies the allegations contained in that paragraph.

62.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 62 of the Complaint and, therefore, denies the allegations contained in that paragraph.

63.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 63 of the Complaint and, therefore, denies the allegations contained in that paragraph.

64.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 64 of the Complaint and, therefore, denies the allegations contained in that paragraph.

65.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 65 of the Complaint and, therefore, denies the allegations contained in that paragraph.

66.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 66 of the Complaint and, therefore, denies the allegations contained in that paragraph.

67.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 67 of the Complaint and, therefore, denies the allegations contained in that paragraph.

68.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 68 of the Complaint and, therefore, denies the allegations contained in that paragraph.

*"The City Informed the Sweeneys That It Would Not Devote Any Additional Resources to Tackling the Sidewalk Obstruction Issue"* (Doc. 1 at 13).

The Defendant denies the allegations in the heading of section IV of the Complaint, which states the City informed the Plaintiffs that it would not devote any additional resources to tackling the sidewalk obstruction issue.

69.     In response to the allegations contained in paragraph 69 of the Complaint, the Defendant lacks sufficient knowledge or information to either admit or deny that the HOA decided to resume enforcement of the street-side parking covenants and, therefore, denies the allegation.  The Defendant admits that Mr. Sweeney communicated with the City Attorney's Office.  The Defendant lacks sufficient knowledge or information to either admit or deny that Mr. Sweeney hoped the Defendant would take action to address the sidewalk obstruction issue and, therefore, denies the allegation.  The Defendant denies any allegations contained in paragraph 69 that are not expressly admitted herein.

70.     The Defendant denies the allegations in paragraph 70 of the Complaint.

71.     In response to the allegations contained in paragraph 71 of the Complaint, the Defendant admits Mr. Sweeney had verbal and email contact with Officer MJ Thomson ("Officer Thomson") about parking in Mr. Sweeney's neighborhood and admits that members of the City Attorney's Office provided Mr. Sweeney with Officer Thomson's contact information. The Defendant denies any allegations contained in paragraph 71 that are not expressly admitted herein.

72.     The Defendant denies the allegations in paragraph 72 of the Complaint.

73.     The Defendant denies the allegations in paragraph 73 of the Complaint.

74.     The Defendant denies the allegations in paragraph 74 of the Complaint.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM
*42 U.S.C. § 12101, et seq.*

15

*Title II of the Americans with Disabilities Act (Inaccessible Curb Ramps)*
*Christopher P. Sweeney Against Defendant City of Colorado Springs, Colorado*

75.     In response to the allegations contained in paragraph 75 of the Complaint, the Defendant incorporates by reference all of its preceding responses, including paragraphs 1 through 74.

76.     In response to the allegations in paragraph 76 of the Complaint, the Defendant states that 42 U.S.C. § 12132 speaks for itself.  The Defendant denies any remaining allegations contained in paragraph 76.

77.     In response to the allegations in paragraph 77 of the Complaint, the Defendant states that 28 C.F.R. § 35.150 and 28 C.F.R. §§ 35.133, and 35.104 speak for themselves.  The Defendant denies any remaining allegations contained in paragraph 77.

78.     In response to the allegations in paragraph 78 of the Complaint, the Defendant states that 28 C.F.R. § 35.151, the Uniform Federal Accessibility Standards, and the Americans with Disabilities Act Guidelines for Buildings and Facilities speak for themselves.  The Defendant denies any remaining allegations contained in paragraph 78.

79.     The Defendant admits the allegations in paragraph 79 of the Complaint.

80.     The Defendant denies the allegations in paragraph 80 of the Complaint.

81.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 81 of the Complaint and, therefore, denies the allegations contained in that paragraph.

82.     The Defendant denies the allegations in paragraph 82 of the Complaint.

83.     The Defendant denies the allegations in paragraph 83 of the Complaint.

84.     In response to the allegations in paragraph 84 of the Complaint, the Defendant admits that the City has constructed, altered, or repaired certain sidewalks and curb ramps within

the Ridgeview at Stetson Hills Filing No. 10 Development Plan, Colorado Springs, Colorado. The Defendant denies any allegations contained in paragraph 84 that are not expressly admitted herein.

85.     The Defendant denies the allegations in paragraph 85 of the Complaint.

86.     The Defendant denies the allegations in paragraph 86 of the Complaint.

87.     The Defendant denies the allegations in paragraph 87 of the Complaint.

**SECOND CLAIM**
*42 U.S.C. § 12101, et seq.*
*Title II of the Americans with Disabilities Act (Obstructed Sidewalks)*
*Christopher P. Sweeney Against Defendant City of Colorado Springs, Colorado*

88.     In response to the allegations contained in paragraph 88 of the Complaint, the Defendant incorporates by reference all of its preceding responses, including its responses to paragraphs 1 through 87.

89.     In response to the allegations in paragraph 89 of the Complaint, the Defendant states that 42 U.S.C. § 12132 speaks for itself.  The Defendant denies any remaining allegations contained in paragraph 89.

90.     In response to the allegations in paragraph 90 of the Complaint, the Defendant states that 28 C.F.R. § 35.150 and 28 C.F.R. §§ 35.133, and 35.104 speak for themselves.  The Defendant denies any remaining allegations contained in paragraph 90.

91.     The Defendant admits the allegations in paragraph 91 of the Complaint.

92.     The Defendant denies the allegations contained in paragraph 92 of the Complaint.

93.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 93 of the Complaint and, therefore, denies the allegations contained in that paragraph.

94.     The Defendant denies the allegations in paragraph 94 of the Complaint.

95.     The Defendant denies the allegations in paragraph 95 of the Complaint.

96.     The Defendant denies the allegations in paragraph 96 of the Complaint.

97.     In response to the allegations in paragraph 97 of the Complaint, the Defendant admits that the City has the authority to enforce City ordinances.  Defendant denies any allegations contained in paragraph 97 that are not expressly admitted herein.

98.     The Defendant denies the allegations in paragraph 98 of the Complaint.

99.     The Defendant denies the allegations in paragraph 99 of the Complaint.

### THIRD CLAIM
*42 U.S.C. § 12101, et seq.*
*Title II of the Americans with Disabilities Act (Inaccessible Bus Stops)*
*Christopher P. Sweeney Against Defendant City of Colorado Springs, Colorado*

100.     In response to the allegations contained in paragraph 100 of the Complaint, the Defendant incorporates by reference all of its preceding responses, including its responses to paragraphs 1 through 99.

101.     In response to the allegations in paragraph 101 of the Complaint, the Defendant states that 42 U.S.C. § 12132 speaks for itself.  The Defendant denies any remaining allegations contained in paragraph 101.

102.     In response to the allegations in paragraph 102 of the Complaint, the Defendant states that 28 C.F.R. § 35.150 and 28 C.F.R. §§ 35.133, and 35.104 speak for themselves.  The Defendant denies any remaining allegations contained in paragraph 102.

103.     In response to the allegations in paragraph 103 of the Complaint, the Defendant states that 28 C.F.R. § 35.151, the Uniform Federal Accessibility Standards, and the Americans with Disabilities Act Guidelines for Buildings and Facilities speak for themselves.  The Defendant denies any remaining allegations contained in paragraph 103.

104.     The Defendant admits the allegations in paragraph 104 of the Complaint.

105.    The Defendant admits the allegations in paragraph 105 of the Complaint.

106.    The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 106 of the Complaint and, therefore, denies the allegations contained in that paragraph.

107.    The Defendant denies the allegations in paragraph 107 of the Complaint.

108.    The Defendant denies the allegations in paragraph 108 of the Complaint.

109.    The Defendant denies the allegations in paragraph 109 of the Complaint.

## FOURTH CLAIM
*29 U.S.C. § 701*
*Section 504 of the Rehabilitation Act of 1973 (Inaccessible Curb Ramps)*
*Christopher P. Sweeney Against Defendant City of Colorado Springs, Colorado*

110.    In response to the allegations contained in paragraph 110 of the Complaint, the Defendant incorporates by reference all of its preceding responses, including its responses to paragraphs 1 through 109.

111.    In response to the allegations in paragraph 111 of the Complaint, the Defendant states that 29 U.S.C. § 794 speaks for itself.  The Defendant denies any remaining allegations contained in paragraph 111.

112.    The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 112 of the Complaint and, therefore, denies the allegations contained in that paragraph.

113.    The Defendant admits the allegations in paragraph 113 of the Complaint.

114.    The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 114 of the Complaint and, therefore, denies the allegations contained in that paragraph.

115.    The Defendant denies the allegations in paragraph 115 of the Complaint.

116.   In response to the allegations in paragraph 116 of the Complaint, the Defendant states that Section 504 of the Rehabilitation Act speaks for itself.  The Defendant denies any remaining allegations contained in paragraph 116.

117.   The Defendant denies the allegations in paragraph 117 of the Complaint.

118.   The Defendant denies the allegations in paragraph 118 of the Complaint.

119.   The Defendant denies the allegations in paragraph 119 of the Complaint.

## FIFTH CLAIM
*29 U.S.C. § 701*
*Section 504 of the Rehabilitation Act of 1973 (Obstructed Sidewalks)*
*Christopher P. Sweeney Against Defendant City of Colorado Springs, Colorado*

120.   In response to the allegations contained in paragraph 120 of the Complaint, the Defendant incorporates by reference all of its preceding responses, including its responses to paragraphs 1 through 119.

121.   In response to the allegations in paragraph 121 of the Complaint, the Defendant states that 29 U.S.C. § 794 speaks for itself.  The Defendant denies any remaining allegations contained in paragraph 121.

122.   The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 122 of the Complaint and, therefore, denies the allegations contained in that paragraph.

123.   The Defendant admits the allegations in paragraph 123 of the Complaint.

124.   The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 124 of the Complaint and, therefore, denies the allegations contained in that paragraph.

125.   The Defendant denies the allegations in paragraph 125 of the Complaint.

126.   The Defendant denies the allegations in paragraph 126 of the Complaint.

127.    The Defendant denies the allegations in paragraph 127 of the Complaint.

128.    In response to the allegations in paragraph 128 of the Complaint, the Defendant admits that the City has the authority to enforce City ordinances.  The Defendant denies any allegations contained in paragraph 128 that are not expressly admitted herein.

129.    The Defendant denies the allegations in paragraph 129 of the Complaint.

130.    The Defendant denies the allegations in paragraph 130 of the Complaint.

**SIXTH CLAIM**
*29 U.S.C. § 701*
*Section 504 of the Rehabilitation Act of 1973 (Inaccessible Bus Stops)*
*Christopher P. Sweeney Against Defendant City of Colorado Springs, Colorado*

131.    In response to the allegations contained in paragraph 131 of the Complaint, the Defendant incorporates by reference all of its preceding responses, including its responses to paragraphs 1 through 130.

132.    In response to the allegations in paragraph 132 of the Complaint, the Defendant states that 29 U.S.C. § 794 speaks for itself.  The Defendant denies any remaining allegations contained in paragraph 132.

133.    The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 133 of the Complaint and, therefore, denies the allegations contained in that paragraph.

134.    The Defendant admits the allegations in paragraph 134 of the Complaint.

135.    The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 135 of the Complaint and, therefore, denies the allegations contained in that paragraph.

136.    The Defendant denies the allegations in paragraph 136 of the Complaint.

137.     In response to the allegations in paragraph 137 of the Complaint, the Defendant states that Section 504 of the Rehabilitation Act speaks for itself.   The Defendant denies any remaining allegations contained in paragraph 137.

138.     The Defendant denies the allegations in paragraph 138 of the Complaint.

139.     The Defendant denies the allegations in paragraph 139 of the Complaint.

140.     The Defendant denies the allegations in paragraph 140 of the Complaint.

## SEVENTH CLAIM
*42 U.S.C. § 3601, et seq.*
*Fair Housing Act (Failure to Accommodate)*
*All Plaintiffs Against Stetson Hills Master Home Owners Association, Inc., and Diversified Property Management, LLC*

141.     In response to the allegations contained in paragraph 141 of the Complaint, the Defendant incorporates by reference all of its preceding responses, including its responses to paragraphs 1 through 140.

142.     In response to the allegations in paragraph 142 of the Complaint, the Defendant states that 42 U.S.C. § 3601, *et seq.* speaks for itself.   The Defendant denies any remaining allegations contained in paragraph 142.

143.     In response to the allegations in paragraph 143 of the Complaint, the Defendant states that the Fair Housing Act speaks for itself.   The Defendant denies any remaining allegations contained in paragraph 143.

144.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 144 of the Complaint and, therefore, denies the allegations contained in that paragraph.

145.     In response to the allegations in paragraph 145 of the Complaint, the Defendant states that 42 U.S.C. § 3602(i) speaks for itself.  The Defendant denies any remaining allegations contained in paragraph 145.

146.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 146 of the Complaint and, therefore, denies the allegations contained in that paragraph.

147.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 147 of the Complaint and, therefore, denies the allegations contained in that paragraph.

148.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 148 of the Complaint and, therefore, denies the allegations contained in that paragraph.

149.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 149 of the Complaint and, therefore, denies the allegations contained in that paragraph.

150.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 150 of the Complaint and, therefore, denies the allegations contained in that paragraph.

151.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 151 of the Complaint and, therefore, denies the allegations contained in that paragraph.

152.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 152 of the Complaint and, therefore, denies the allegations contained in that paragraph.

153.     The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 153 of the Complaint and, therefore, denies the allegations contained in that paragraph.

## ANSWER TO PRAYER

154.     In response to the allegations contained in paragraphs A through H in the Complaint, it is admitted that the Plaintiffs seek damages and other relief.  The Defendant denies that the Plaintiffs are entitled to damages or that the Defendant is liable for the same.

## GENERAL DENIAL

The Defendant denies generally each and every allegation contained in the Complaint to the extent not specifically admitted herein.

## DEFENSES

1.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.     All or a portion of the Plaintiffs' claims/requests are not readily achievable and/or impose an undue burden on the Defendant.

3.     Some or all of the claims alleged by the Plaintiffs are barred by the applicable statute of limitations.

4.     All or a portion of the curb ramps, sidewalks, and/or bus stops the Plaintiffs complain of were constructed or altered prior to the enactment of the Americans with Disabilities Act and/or the Rehabilitation Act, and, thus, are exempted from compliance.

5.     All or a portion of the Plaintiffs' claims/requests are technically infeasible or structurally impracticable.

6.      The City's programs, services, and activities and existing facilities are accessible when viewed in their entirety.

7.      The City's sidewalks and curbs are not a service, program, or activity.

8.      All or a portion of the claims/requests of the Plaintiffs would require a fundamental alteration of the City's services, programs, and activities.

9.      The City does not have an affirmative obligation to ensure complete accessibility.

10.      The City affords persons with disabilities equally effective opportunity to participate in or benefit from its benefits, services, programs, or activities.

11.      The injuries and damages alleged to have been sustained by the Plaintiffs, if any, were caused solely by reason of the Plaintiffs' own acts and conduct and not by reason of any unlawful conduct of the Defendant.

12.      The Plaintiffs may have failed to join indispensable parties, including the U.S. Department of Justice, without which complete relief cannot be afforded among the parties.

13.      The Plaintiffs do not have standing to pursue some or all of their claims.

14.      The Defendant did not act with unlawful motive, intent or design.

15.      The Plaintiffs' alleged damages, if any, are barred, reduced and/or limited pursuant to applicable limitations of awards, caps on recovery and setoffs permitted by law.

16.      The Defendant's conduct at all times was objectively reasonable.

17.      The Defendant's conduct at all times was in compliance with all applicable laws.

18.      Some or all of the claims/requests of the Plaintiffs would constitute a threat to health and safety.

19.      At all times, the Defendant acted in good faith with respect to its interpretation and understanding of the Americans with Disabilities Act and the Rehabilitation Act.

20.     The damages, if any, the Plaintiffs suffered were not proximately caused by any conduct or actions of the Defendant.

21.     The proximate cause of the Plaintiffs' alleged injuries and/or damages, if any, may have been the act or omission of a third party or parties over whom the Defendant is not legally responsible.

22.     The damages sustained by the Plaintiffs, if any, were unforeseeable.

23.     The Plaintiffs have failed to mitigate their damages, if any, as required by law.

24.     All or some of the Plaintiffs' claims/requests are moot.

25.     The Defendant reserves the right to add additional defenses as discovery and the law disclose, and hereby requests leave of court to amend this Answer and Jury Demand, if necessary, at a later date.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered and responded to the allegations of the Plaintiffs' Complaint, the City hereby prays that:

1.     The Plaintiffs' claims be dismissed with prejudice in their entirety;

2.     Each and every prayer for relief contained in the Complaint be denied;

3.     Judgment be entered in favor of the Defendant;

4.     All costs, including reasonable attorneys' fees, be awarded to the Defendant and against the Plaintiffs pursuant to applicable law; and

5.     The Defendant be granted such other and further relief as the Court may deem just and proper.

**DEFENDANT CITY OF COLORADO SPRINGS REQUESTS A TRIAL TO A JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted this 8th day of March, 2018.

OFFICE OF THE CITY ATTORNEY
Wynetta P. Massey, City Attorney

*s/ Tracy Lessig*
Tracy Lessig, Division Chief
Lindsay Rose, Senior Attorney
30 S. Nevada Ave., Suite 501
Colorado Springs, Colorado 80903
Telephone:  (719) 385-5909
Facsimile:  (719) 385-5535
Email: tlessig@springsgov.com
           lrose@springsgov.com

*Attorneys for Defendant City of Colorado Springs*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 8th day of March, 2018, I electronically filed the foregoing **ANSWER TO COMPLAINT AND JURY DEMAND (Doc. 1)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Julian G. G. Wolfson**
**jwolfsonlaw@gmail.com**

I hereby certify that on the 8th day of March, 2018, I have emailed the foregoing to the following:

**Karen Wheeler**
**Karen@wheelerwaters.com**

**Jami Maul**
**jami@wheelerwaters.com**

**Chally Lagrave**
**chally@wheelerwaters.com**

_s/ Tracy Thompson_____
Tracy Thompson
Paralegal