**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-00337-WJM-KMT:

CHRISTOPHER P. SWEENEY, and NIKOLE M. SWEENEY,

Plaintiffs,

vs.

CITY OF COLORADO SPRINGS, COLORADO,
STETSON HILLS MASTER HOME OWNERS ASSOCIATION, INC., and
DIVERSIFIED PROPERTY MANAGEMENT, LLC,

Defendants.

_____

DEFENDANTS STETSON HILLS MASTER HOME OWNERS ASSOCIATION, INC. AND
DIVERSIFIED PROPERTY MANAGEMENT, LLC'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6)

_____

Defendants, Stetson Hills Master Home Owners Association, Inc. and Diversified

Property Management, LLC, by and through their attorneys, Karen Wheeler, Brian Waters and

Jami Maul of the firm Wheeler Waters, Professional Corporation, hereby submit their Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and state as follows:

**<u>Introduction</u>**

Plaintiffs Christopher Sweeney and Nikole Sweeney filed this lawsuit against the City of

Colorado Springs, Stetson Hills Master Home Owners Association, Inc and Diversified Property

Management, LLC. Plaintiffs' sole claim against Defendants Stetson Hills Master Home Owners

Association, Inc. (hereinafter "Stetson Hills") and Diversified Property Management, LLC

(hereinafter "Diversified") is a claim made pursuant to 42 U.S.C. § 3601, the Fair Housing Act.

*See* **Complaint**, pp. 24-26, Seventh Claim, ¶¶ 141-153.

Plaintiffs' claim against Stetson Hills and Diversified must be dismissed because Plaintiffs fail to state a cognizable claim pursuant to the Fair Housing Act. Plaintiffs base their claim on an allegation that Stetson Hills and Diversified have failed to make a requested reasonable accommodation for Mr. Sweeney's disability.[1] However, based on applicable law and the allegations in the Complaint, Plaintiffs have not sufficiently pleaded a claim for failure to provide a requested reasonable accommodation pursuant to the Fair Housing Act. Plaintiffs do not allege with sufficient specificity a failure to provide a reasonable accommodation "necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Moreover, as Plaintiffs allege in the Complaint, the sidewalks in question are city-controlled and Plaintiffs fail to allege how Stetson Hills and Diversified could enforce any requirements over property they do not control. For these reasons, set forth in more detail below, Plaintiffs' Complaint against Stetson Hills and Diversified must be dismissed in its entirety.

## Authorities and Argument

**A.     A motion to dismiss must contain sufficient factual allegations to raise a right to relief above a speculative level and state a claim to relief that is plausible on its face.**

A motion to dismiss made pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim must be granted unless the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  In order to survive

---

[1] Defendants understand that the Court has to accept Plaintiffs' specific factual allegations pleaded in the Complaint as true when evaluating this motion to dismiss, but do wish to state that they dispute that the Plaintiffs ever actually made the request on which they base their claim.

a motion to dismiss, "the factual allegations of the complaint must be enough to raise a right to relief "above the speculative level" and a plaintiff must "provide the grounds of his entitlement to relief." *Id.* at 555 (internal citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss" and therefore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting Twombly, 550 U.S at 570). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (internal citations omitted). In reviewing the motion, the Court must accept all well-pleaded allegations in the complaint as true and construe them in favor of the non-moving party. *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). While generally the Court cannot consider materials outside the complaint without converting the motion to a motion for summary judgment, the Court may consider "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

**B.      The allegations in Plaintiffs' Complaint do not give rise to a claim under the Fair Housing Act for a failure to provide a reasonable accommodation.**

According to the Complaint, Plaintiffs base their Fair Housing Act claim on an allegation that Stetson Hills and Diversified failed to provide a requested accommodation for his disability. *See* **Complaint** at ¶¶ 149-151. "A reasonable accommodation is required whenever it 'may be *necessary* to afford [a disabled] person equal opportunity to use and enjoy a dwelling.'"

*Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City,* 685 F.3d 917, 923 (10th Cir. 2012) citing 42 U.S.C. § 3604(f)(3)(B). To state a claim of discrimination under the FHA for failure to accommodate, a plaintiff must show: (1) that the plaintiff or his associate is handicapped as defined by the FHA; (2) that the defendant knew or reasonably should have known of the claimed handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendants refused to make such accommodation. *Arnal v. Aspen View Condo. Ass'n, Inc.,* 226 F. Supp. 3d 1177, 1183 (D. Colo. 2016). The Fair Housing Act may require an accommodation if the accommodation is necessary, i.e. indispensable or essential, in order for a disabled person to achieve an objective of equal housing opportunities to those that are not disabled. *Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City*, 685 F.3d 917, 923 (10th Cir. 2012). "When there is no comparable housing opportunity for non-disabled people, the failure to create an opportunity for disabled people cannot be called necessary to achieve equality of opportunity in any sense." *Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City*, 685 F.3d 917, 923 (10th Cir. 2012)

Here, Plaintiffs have not pleaded allegations that raise a right to relief above a speculative level. Instead, Plaintiffs have largely relied on conclusions reciting the elements of the claim, which the U.S. Supreme Court has expressly held is not sufficient in order for a complaint to survive a motion to dismiss the claim. *See* **Complaint** at ¶¶ 141-153. *See Ashcroft v. Iqbal*, 556 U.S. at 678-79; *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. Plaintiffs' only specific factual allegation alleged as part of this claim is the statement that Mr. Sweeney requested the HOA **require** its members "to park in the street to the extent that they otherwise obstruct the

sidewalks." *See* **Complaint** at ¶ 149. The allegations are insufficient to support Plaintiffs' claim for several reasons as addressed below.

First, Plaintiffs have not alleged with any particularity that this requested "accommodation" is necessary, other than to again simply restate this element of the claim and indicate that it is necessary. *See* **Complaint** at ¶ 151. Nowhere in their complaint do Plaintiffs sufficiently allege that requiring other members of the community to park on the street is necessary *to even the playing field* between Mr. Sweeney and others who do not have a disability. *Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City*, 685 F.3d 917, 923 (10th Cir. 2012). "An accommodation is necessary when there is evidence showing that the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability." *Arnal v. Aspen View Condo. Ass'n, Inc.*, 226 F. Supp. 3d 1177, 1185 (D. Colo. 2016). Indeed, Mr. Sweeney has not alleged anywhere in his Complaint that whether he is able to use the sidewalks of the neighborhood has any effect on his disability or his ability to enjoy his dwelling in the same way as those who do not have the same disability.

Further, if the allegations in the Complaint and the photograph in the Complaint are to be accepted as true, the sidewalks that pass through the driveways in the neighborhood would be blocked for every individual wanting to use the sidewalk, not just Mr. Sweeney. *See* **Complaint**, p. 8 at ¶ 35 and photograph at bottom of page. If the sidewalk is blocked, it is blocked not only for him but for all, whether on foot, pushing a stroller or riding a bike.

An accommodation cannot be necessary pursuant to the Fair Housing Act where it requests an opportunity for disabled people where there is not a comparable housing opportunity for those that are not disabled. *See Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City*,

685 F.3d 917, 923 (10th Cir. 2012). Here, if Plaintiff's allegations are to be accepted as true, then no individuals can use the sidewalks in the neighborhood, not just those that are disabled. Therefore, there can be no discrimination based on a disability under the Fair Housing Act, and Plaintiffs also have not pleaded any specific allegations as to how using the sidewalks will ameliorate the effects of Mr. Sweeney's disability.

Second, based on the allegations in the Complaint, Plaintiffs' request is not a request for a reasonable accommodation as provided by the Fair Housing Act. Plaintiffs' claims cannot survive a motion to dismiss simply by claiming that Mr. Sweeney's requested accommodation is reasonable. "An accommodation is reasonable under the FHA when it imposes no fundamental alteration in the nature of the program or undue financial or administrative burdens." *Arnal v. Aspen View Condo. Ass'n, Inc.,* 226 F. Supp. 3d 1177, 1185–86 (D. Colo. 2016) citing *Giebeler v. M & B Associates*, 343 F.3d 114, 1157 (9th Cir. 2003). An accommodation is not reasonable if it requires "changes, adjustment, or modifications that would be substantial, or that would constitute fundamental alterations." *Alexander v. Choate*, 469 U.S. 287, 300 fn.20 (1985) (internal citations omitted).

Mr. Sweeney's alleged request for an accommodation is not a request simply that he be permitted to do something contrary to the HOA's policies because of his disability. Rather, his request is that the HOA rules be changed so that ***every other member of the HOA be required*** to do something differently than is otherwise provided for under the policies. *See* **Complaint** at ¶ 149. Based on Plaintiff's own allegations, residents are currently required to park their vehicles in their driveways. *See* **Complaint** at ¶ 37. Plaintiffs indicate their request is that residents be required to do the exact opposite of what he claims is the current policy. Plaintiffs do not even

attempt to argue how such a request could be a reasonable accommodation request, other than stating simply that it is. *See* **Complaint** at ¶ 150. The U.S. Supreme Court has held, unequivocally, that a conclusory statement such as this one cannot satisfy the pleading standard required to survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. This is particularly important here, where it is clear based on Plaintiffs' allegations themselves that a request that every other member of a community be required to do the opposite of the current rules clearly is a fundamental and substantial alteration and an undue burden. *See Alexander v. Choate*, 469 U.S. at 300 fn.20; *Arnal v. Aspen View Condo. Ass'n, Inc*., 226 F. Supp. 3d at 1185–86.

Moreover, as Plaintiffs allege, there is already a city ordinance in place to prevent parking a vehicle so to block a sidewalk. *See* **Complaint** at ¶ 49. Plaintiffs actually detail numerous efforts by the city to enforce its ordinance. *See* **Complaint** at ¶¶ 46-57. Plaintiff fails to allege any ability of Stetson Hills or Diversified to otherwise exercise control over city-controlled sidewalks. To require Defendants to attempt to enforce a city ordinance on Plaintiffs' behalf would be unreasonable and should not be required. *Arnal v. Aspen View Condo. Ass'n, Inc*., 226 F. Supp. 3d 1177, 1185–86 (D. Colo. 2016) citing *Giebeler v. M & B Associates*, 343 F.3d 114, 1157 (9th Cir. 2003).

<u>**CONCLUSION**</u>

Plaintiffs Complaint against Stetson Hills and Diversified must be dismissed because they have not sufficiently pleaded a cognizable discrimination claim against them pursuant to the Fair Housing Act. Plaintiffs fail to support their claims with the requisite factual allegations that raise their claims above a speculative level. Specifically, Plaintiffs' claims fail because there are not

sufficient factual allegations to show that the requested accommodation was necessary or reasonable, or that these Defendants even had the ability to enact such a requirement.

WHEREFORE, Stetson Hills Master Home Owners Association, Inc. and Diversified Property Management, LLC respectfully request that this Court enter an Order GRANTING this Motion to Dismiss, and dismissing Plaintiff's Complaint against them in its entirely.

Dated: March 8, 2018.

Respectfully submitted,

s/ *Karen H. Wheeler*
Karen H. Wheeler
Brian J. Waters
Jami A. Maul
Wheeler Waters, P.C.
8400 E. Prentice Ave., Suite 1010
Greenwood Village, Colorado 80111
Telephone: (303) 221-4787
Karen@wheelerwaters.com
Brian@wheelerwaters.com
Jami@wheelerwaters.com

Attorneys for Defendants Stetson Hills
Master Home Owners Association, Inc. and
Diversified Property Management, LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-00337-WJM-KMT:

CHRISTOPHER P. SWEENEY, and NIKOLE M. SWEENEY,

Plaintiffs,

vs.

CITY OF COLORADO SPRINGS, COLORADO;
STETSON HILLS MASTER HOME OWNERS ASSOCIATION, INC.; and
DIVERSIFIED PROPERTY MANAGEMENT, LLC,

Defendants.

_____

**CERTIFICATE OF SERVICE**
_____

I hereby certify that on March 8, 2018, I electronically filed the foregoing DEFENDANTS STETSON HILLS MASTER HOME OWNERS ASSOCIATION, INC. AND DIVERSIFIED PROPERTY MANAGEMENT, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)with the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Julian G.G. Wolfson, Esq.
Law Office of Julian G.G. Wolfson, LLC
1630 Welton Street # 413
Denver, CO  80202
Telephone:  720-507-5133
jwolfsonlaw@gmail.com

*Attorney for Plaintiff*

Tracy Lessig, Esq.
Lindsay Rose, Esq.
30 S. Nevada Ave., Suite 501
Colorado Springs, Colorado 80903
Telephone: (719) 385-5909
Facsimile: (719) 385-5535
tlessig@springsgov.com
lrose@springsgov.com

*Attorneys for Defendant City of Colorado Springs*

s/Karen H. Wheeler

Karen H. Wheeler