**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-00337-WJM-KMT

CHRISTOPHER P. SWEENEY, and
NIKOLE M. SWEENEY,

Plaintiffs,

vs.

CITY OF COLORADO SPRINGS, COLORADO
STETSON HILLS MASTER HOME OWNERS ASSOCIATION, INC., and
DIVERSIFIED PROPERTY MANAGEMENT, LLC

Defendants.

---

**[PROPOSED] SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE AND APPEARANCE OF COUNSEL**

The Scheduling/Planning Conference pursuant to Fed. R. Civ. P. 16(b) is scheduled on April 16, 2018 at 10:30 a.m. in Suite 1000 (Colorado Springs) before Magistrate Judge Tafoya. Appearing for the parties are:

Julian G.G. Wolfson
LAW OFFICE OF JULIAN G.G. WOLFSON, LLC
1630 Welton Street #413
Denver, CO 80202
(720) 507-5133
jwolfsonlaw@gmail.com

*Attorney for Plaintiffs*

Tracy Lessig, Division Chief
Lindsay Rose, Senior Attorney
30 S. Nevada Ave., Suite 501
Colorado Springs, Colorado 80903
Telephone: (719) 385-5909
Facsimile: (719) 385-5535
Email: tlessig@springsgov.com
 lrose@springsgov.com

*Attorneys for Defendant City of Colorado Springs*

Karen H. Wheeler
Wheeler Waters, P.C.
8400 E. Prentice Ave., Suite 1010
Greenwood Village, Colorado 80111
Telephone: (303) 221-4787
Karen@wheelerwaters.com

*Attorneys for Defendants Stetson Hills Master*
*Home Owners Association, Inc. and Diversified*
*Property Management, LLC*

## 2. STATEMENT OF JURISDICTION

Plaintiffs assert this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and this action is authorized and instituted pursuant to 42 U.S.C. § 12101, *et seq.*, 29 U.S.C. § 701, and 42 U.S.C. § 3601, *et seq.* Plaintiffs also assert jurisdiction supporting Plaintiffs' claims for attorney's fees and costs against Defendants is conferred by 42 U.S.C. § 12205 and 42 U.S.C. § 3613(c)(2). The Defendants admit that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims if there is a cognizable legal basis for the claims. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a. Plaintiffs:**

Plaintiff Christopher P. Sweeney brings claims against Defendant City of Colorado Springs under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. § 701, for (1) failing to provide accessible curb ramps/pedestrian right of ways; (2) failing to provide accessible bus stops; and (3) failing to ensure that the sidewalks in his neighborhood are not obstructed by parked cars. Plaintiff Christopher P. Sweeney and Plaintiff Nikole M. Sweeney also bring claims against Defendants Stetson Hills Master Home Owners Association, Inc. and Diversified Property Management,

2

LLC for discriminating against Mr. Sweeney on the basis of his disability by failing to provide him with the reasonable accommodation that HOA members be required to park in the street to the extent that they otherwise obstruct the sidewalks.

**b. Defendants:**

Defendant City of Colorado Springs ("City"): The City denies it discriminated against Mr. Sweeney or excluded him from or denied him the benefits of the City's services, programs, or activities by reason of a disability in violation of Title II of the Americans with Disabilities Act or Section 504 of the Rehabilitation Act. The City denies its sidewalks, curbs, and bus stops are inaccessible to persons with mobility disabilities. The City also denies its sidewalks and curb ramps constitute a "service, program, or activity" under the ADA or a "program or activity" under the Rehabilitation Act. The City denies it caused or is liable to the Plaintiffs for any damages, including any damages to Mr. Sweeney's wheelchairs.

The City denies the driveways in the Plaintiffs' neighborhood were not built in compliance with the City Code. The City denies that the City Code requirements were defective when the driveways in the Plaintiffs' neighborhood were built. The City denies it caused or is causing any third party to block the sidewalks within the Plaintiffs' neighborhood with their vehicles. The City further denies it is liable for the actions of any third party who has blocked the sidewalks within the Plaintiffs' neighborhood.

The City denies it has failed to take any meaningful remedial actions to address the Plaintiffs' accessibility complaints. The City asserts Mr. Sweeney has acknowledged the City's efforts to address his accessibility complaints multiple times. The City asserts it has appropriately responded to all of the Plaintiffs' calls for service and has enforced the City's ordinances prohibiting parking on or over a sidewalk by warning and ticketing violators. The City denies it

has ceased enforcing its ordinances prohibiting sidewalk obstructions. The City also denies it intends to cease enforcement of such ordinances going forward.

The City also asserts it has placed signage through the Plaintiffs' neighborhood and mass distributed a letter and brochures multiple times reminding residents and visitors of the City's prohibition against parking on or over a sidewalk. The City asserts it has urged the Plaintiffs' homeowners association to permit on-street parking at all times. The City asserts it has expended significant resources, installed and retrofitted curb ramps, and performed sidewalk and intersection repairs within the Plaintiffs' neighborhood in response to the Plaintiffs' requests.

The City asserts and relies on the following defenses in this case:

1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. All or a portion of the Plaintiffs' claims/requests are not readily achievable and/or impose an undue burden on the City.

3. Some or all of the claims alleged by the Plaintiffs are barred by the applicable statute of limitations. The City asserts the Complaint on its face confirms that some or all of Mr. Sweeneys' claims against the City accrued no later than March 2014.

4. All or a portion of the curb ramps, sidewalks, and/or bus stops the Plaintiffs complain of were constructed or altered prior to the enactment of the Americans with Disabilities Act and/or the Rehabilitation Act, and, thus, are exempted from compliance.

5. All or a portion of the Plaintiffs' claims/requests are technically infeasible or structurally impracticable.

6. The City's programs, services, and activities and existing facilities are accessible when viewed in their entirety.

7. The City's sidewalks and curbs are not a service, program, or activity.

8. All or a portion of the claims/requests of the Plaintiffs would require a fundamental alteration of the City's services, programs, and activities.

9. The City does not have an affirmative obligation to ensure complete accessibility.

10. The City affords persons with disabilities equally effective opportunity to participate in or benefit from its benefits, services, programs, or activities.

11. The injuries and damages alleged to have been sustained by the Plaintiffs, if any, were caused solely by reason of the Plaintiffs' own acts and conduct and not by reason of any unlawful conduct of the City.

12. The Plaintiffs may have failed to join indispensable parties, including the U.S. Department of Justice, without which complete relief cannot be afforded among the parties.

13. The Plaintiffs do not have standing to pursue some or all of their claims.

14. The City did not act with unlawful motive, intent or design.

15. The Plaintiffs' alleged damages, if any, are barred, reduced and/or limited pursuant to applicable limitations of awards, caps on recovery and setoffs permitted by law.

16. The City's conduct at all times was objectively reasonable.

17. The City's conduct at all times was in compliance with all applicable laws.

18. Some or all of the claims/requests of the Plaintiffs would constitute a threat to health and safety.

19. At all times, the City acted in good faith with respect to its interpretation and understanding of the Americans with Disabilities Act and the Rehabilitation Act.

20. The damages, if any, the Plaintiffs suffered were not proximately caused by any conduct or actions of the City.

21. The proximate cause of the Plaintiffs' alleged injuries and/or damages, if any, may have been the act or omission of a third party or parties over whom the City is not legally responsible.

22. The damages sustained by the Plaintiffs, if any, were unforeseeable.

23. The Plaintiffs have failed to mitigate their damages, if any, as required by law.

24. All or some of the Plaintiffs' claims/requests are moot.

The City reserves the right to add additional defenses as discovery and the law disclose.

Defendants Stetson Hills Master Homeowners Association, Inc. (hereinafter "Stetson Hills") and Diversified Property Management LLC (hereinafter Diversified) deny that they discriminated against Mr. Sweeney on the basis of his disability or failed to provide him with a reasonable accommodation. Stetson Hills and Diversified deny that Mr. Sweeney ever requested the accommodation on which he bases his claims. Even if he had ever requested this accommodation, they further deny that they have the ability to enforce city codes or control over the sidewalks or streets in question.

As indicated in their Motion to Dismiss, Stetson Hills and Diversified deny that the Plaintiffs have pleaded a cognizable claim against them under the Fair Housing Act, 42 U.S.C. § 3601. Stetson Hills and Diversified further deny that the accommodation that Mr. Sweeney alleges he requested is a reasonable accommodation or necessary to afford him an equal opportunity to use and enjoy the dwelling. Stetson Hills and Diversified further submit that the Plaintiffs are not members of the HOA or owners of the dwelling in question, but rather are tenants. Based on Plaintiffs' claims that the sidewalks are blocked and accepting this as true, the sidewalks would be blocked for anyone wishing to use them, not just Mr. Sweeney and, therefore, there is no comparable housing opportunity for non-disabled people from which Mr. Sweeney has been

deprived. In the event that Stetson Hills and Diversified's motion to dismiss is not granted, their complete defenses will be set forth in their Answer.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiffs currently reside in a house they rent at 6224 La Plata Peak Drive, Colorado Springs, CO.

2. 6224 La Plata Peak Drive, Colorado Springs, CO is within the Stetson Hills Master Home Owners Association, Inc.

3. Vehicles park in driveways in the Stetson Hills neighborhood.

4. Plaintiffs sought the City's assistance, requested that the City provide assistance by ensuring that the sidewalks remain accessible to individuals with mobility disabilities, and requested enforcement of specific City Code Ordinances.

5. Congress enacted the Americans with Disabilities Act of 1990, as amended.

6. Plaintiffs assert claims under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Fair Housing Act.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the alleged events giving rise to the claims asserted in the Complaint allegedly occurred in the state of Colorado.

8. Bus Stop ID Nos. 2425 and 2496 are not connected to any sidewalks

9. At all relevant times, the City has been a public entity within the meaning of Title II of the Americans with Disabilities Act.

10. The City has constructed, altered, or repaired certain sidewalks and curb ramps within the Ridgeview at Stetson Hills Filing No. 10 Development Plan, Colorado Springs, CO.

11. The City has the authority to enforce City ordinances.

12. At all relevant times to this action, the City has provided bus stops as a service, program, and/or activity available to the public.

13. The City is a direct recipient of federal financial assistance sufficient to invoke the coverage of Section 504 of the Rehabilitation Act of 1973, and has received such federal financial assistance at all times relevant to the claims asserted in the Complaint.

## 5. COMPUTATION OF DAMAGES

**a. Plaintiffs:** Plaintiffs claim actual economic damages as established at trial; compensatory damages, including but not limited to those for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses; punitive damages for all claims as allowed by law in an amount to be determined at trial; pre-judgment and post-judgment interest at the highest lawful rate; attorney's fees and costs, and such further relief as justice requires.

A more precise computation of Plaintiffs' damages, to the extent that they are subject to such computation, will be provided during the normal course of discovery, and will be determined by a jury in its sound discretion following a presentation of evidence at trial in this matter.

Damages for emotional distress are not susceptible to the type of calculation contemplated by F.R.C.P. 26(a)(1). *See Williams v. Trader Pub. Co.*, 218 F.3d 481, 481 n.3 (5th

8

Cir. 2000) ("[C]ompensatory damages for emotional distress are necessarily vague and generally considered a fact issue for the jury"). Similarly, the calculation of punitive damages is premature and not susceptible to the type of calculation contemplated by F.R.C.P. 26(a)(1). *See, e.g. Burrell v. Crown Cent. Petroleum*, 177 F.R.D. 376, 386 (D. Tex. 1997).

### b. Defendants:

Defendant City of Colorado Springs requests attorneys' fees and costs incurred in the defense of this action, including expert witness fees.

Defendants Stetson Hills and Diversified have filed a motion to dismiss Plaintiffs' claim against them and request attorney fees and costs incurred in defense of this action, including expert witness fees.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f).

a.  The Fed R. Civ. P. 26(f) meeting was conducted via telephone between counsel on March 12, 2018.

b.  Participants in the meeting were as follows:

   (1) Julian G.G. Wolfson (counsel for Plaintiffs)

   (2) Tracy Lessig and Lindsay Rose (counsel for Defendant City of Colorado Springs)

   (3) Karen H. Wheeler and Jami A. Maul (counsel for Defendants Stetson Hills Home Owners Association, Inc. and Diversified Property Management, LLC)

c.  The parties' initial disclosures, pursuant to Rule 26(a)(1), are to be made on or prior to March 26, 2018.

d.  In light of the large number of documents to be identified and/or produced by Defendant City of Colorado Springs, and since Plaintiffs will be filing an amended complaint, the parties propose that initial disclosures be due on or before **April 11, 2018**. The parties

        reserve the right to supplement their disclosures as additional information/documentation becomes available.

e.    The parties have not agreed to conduct informal discovery.

f.    The parties agree to take all reasonable steps to reduce discovery and costs, and agree to use a unified numbering system. The parties will conduct depositions via telephone when necessary upon agreement.

g.    The parties anticipate that their claims and defenses will involve a significant amount of electronically store information ("ESI"). Defendant City of Colorado Springs will be using a software program called "Relativity" to assist with the production of ESI. The parties will agree on certain key terms for Defendant City of Colorado Springs to use when compiling its ESI through the Relativity program. The parties will also come to an agreement on the different types of documents to be preserved for purposes of discovery. Finally, the parties agree to exchange all discovery in PDF format to the extent practical.

h.    The parties wish to conduct discovery before discussing the possibility for a prompt settlement or resolution of this case.

## 7. CONSENT

At least one party does not consent to United States Magistrate Judge Jurisdiction.

## 8. DISCOVERY LIMITATIONS

a.    For the limited purpose of discovery, the parties propose that they be considered as three separate party groups: (1) Plaintiffs (including both Christopher P. Sweeney and Nicole M. Sweeney); (2) HOA Defendants (including Stetson Hills and Diversified); and (3) Defendant City of Colorado Springs. The parties propose fifteen (15) lay witness

      depositions per party group. Depositions of medical providers and specially retained expert witnesses are in addition to the foregoing limit. The parties also propose that each party group be provided with seventy (70) interrogatories.

b.     The parties do not propose any modification to the limitation on the length of depositions. A deposition is limited to one day of seven hours as provided in Fed. R. Civ. P. 30(d)(1).

c.     The parties propose that each party group be provided with seventy (70) requests for production and seventy (70) requests for admission.

d.     In the event that confidential documents are produced in discovery, the parties anticipate the need for a protective order. If a protection order is needed or requested, the parties will work on submitting a stipulated order and providing it to the Court for approval.

### 9. CASE PLAN AND SCHEDULE

a.     Deadline for Joinder of Parties and Amendment of Pleadings: **May 11, 2018**.

b.     Discovery Cutoff: **December 12, 2018**.

c.     Dispositive Motion Deadline: **January 28, 2019**.

d.     Expert Witness Disclosure:

    1. Anticipated fields of expert testimony:

    Plaintiffs: Plaintiffs anticipate the possibility of retaining a medical expert pertaining to Plaintiffs' physical disabilities and emotional injuries, as well as an expert on ADA compliance.

    Defendants: Defendant City of Colorado Springs anticipates designating specially retained expert witnesses in the fields of ADA compliance and zoning codes.

        Defendants Stetson Hills and Diversified anticipate designating specially retained expert witnesses in the fields of Fair Housing Compliance and

        HOA/property management and may designate, if necessary to rebut any of the Plaintiff's claims, a medical and/or occupational medicine physician.

2. The parties propose a limit of two (2) specially retained experts per party. Any treating medical providers are in addition to the specially retained experts.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **September 12, 2018**.

4. The parties shall designate all rebuttal experts and provide opposing counsel or any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **October 12, 2018**.

e.     Identification of the Persons to be Deposed:[*]

Plaintiffs:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| City of Colorado Springs | TBD | TBD | 7 hours |
| Stetson Hills Master Home Owners Association, Inc. | TBD | TBD | 7 hours |
| Diversified Property Management, LLC | TBD | TBD | 7 hours |
| Officer MJ Thomson | TBD | TBD | 7 hours |
| Michael Killebrew | TBD | TBD | 7 hours |

Defendants:

Defendant City of Colorado Springs:

---

[*] The parties reserve the right to take additional depositions of person identified in initial disclosures or through the course of discovery.

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|---|
| Christopher Sweeney | TBD | TBD | 7 hours |
| Nikole Sweeney | TBD | TBD | 7 hours |
| Stetson Hills Master Home Owners Association, Inc. | TBD | TBD | 7 hours |
| Diversified Property Management, LLC | TBD | TBD | 7 hours |
| Federal Highway Administration | TBD | TBD | 4 hours |
| Christopher Sweeney's treating medical providers | TBD | TBD | 4 hours |
| Any expert witness(es) designated by any other party | TBD | TBD | 7 hours |

Defendants Stetson Hills and Diversified:

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|---|
| Christopher Sweeney | TBD | TBD | 7 hours |
| Nikole Sweeney | TBD | TBD | 7 hours |
| City of Colorado Springs | TBD | TBD | 7 hours |
| Christopher Sweeney's treating medical providers | TBD | TBD | 4 hours |
| Any expert witness(es) designated by any other party | TBD | TBD | 7 hours |

f. Deadline for Interrogatories: The parties propose that the last written interrogatories shall not be served upon any adverse party any later than thirty-three (33) days before the discovery cutoff date.

g.      Deadline for Requests for Production of Documents and/or Admissions:  The parties propose that the last written request for production of documents and/or request for admission shall not be served upon any adverse party any later than thirty-three (33) days before the discovery cutoff date.

## 10. DATES FOR FURTHER CONFERENCES

a.      Status conferences in this case will be held at the following dates and times:

_____.

b.      A final pretrial conference will be held in this case on _____ at o'clock ___m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort were unable to reach: None.

b.      The parties anticipate that the jury trial will last seven (7) days for claims triable to a jury.

c.      The parties agree that all pretrial proceedings be held in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476.  The parties stipulate that counsel appearances at these proceedings may be made telephonically, with permission from the Court.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at _____, Colorado, this _____ day of \_\_\_\_, 20<u>18</u>.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*/s/ Julian G.G. Wolfson*
Julian G.G. Wolfson
LAW OFFICE OF JULIAN G.G. WOLFSON, LLC
1630 Welton Street #413
Denver, CO 80202
(720) 507-5133
jwolfsonlaw@gmail.com

*Attorney for Plaintiffs*

*/s/ Tracy Lessig*
Tracy Lessig, Division Chief
Lindsay Rose, Senior Attorney
30 S. Nevada Ave., Suite 501
Colorado Springs, Colorado 80903
Telephone: (719) 385-5909
Facsimile: (719) 385-5535
Email: tlessig@springsgov.com
       lrose@springsgov.com

*Attorneys for Defendant City of Colorado Springs*

*/s/ Karen H. Wheeler*
Karen H. Wheeler
Wheeler Waters, P.C.
8400 E. Prentice Ave., Suite 1010
Greenwood Village, Colorado 80111
Telephone: (303) 221-4787
Karen@wheelerwaters.com

*Attorneys for Defendants Stetson Hills Master*
*Home Owners Association, Inc. and Diversified*
*Property Management, LLC*