**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-00337-WJM-KMT:

CHRISTOPHER P. SWEENEY, and NIKOLE M. SWEENEY,

Plaintiffs,

vs.

CITY OF COLORADO SPRINGS, COLORADO,
STETSON HILLS MASTER HOME OWNERS ASSOCIATION, INC., and
DIVERSIFIED PROPERTY MANAGEMENT, LLC,

Defendants.

_____

DEFENDANTS STETSON HILLS MASTER HOME OWNERS ASSOCIATION, INC. AND DIVERSIFIED PROPERTY MANAGEMENT, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
_____

Defendants, Stetson Hills Master Home Owners Association, Inc. and Diversified Property Management, LLC, by and through their attorneys, Karen Wheeler, Brian Waters and Jami Maul of the firm Wheeler Waters, Professional Corporation, hereby submit their Renewed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and state as follows:

**Statement of Conferral Pursuant to WJM Revised Practice Standard III.D.1**

Defense counsel conferred with Plaintiffs' counsel regarding the issues raised in this motion through email and on a March 12, 2018 telephone conference. At that time, Plaintiffs' counsel indicated he intended to file an Amended Complaint that may address some of the issues raised by the Defendants with respect to insufficient factual support for the allegations in the Complaint, but agreed that likely some of the issues were legal issues for the Court that would not be resolved by

the Amended Complaint. After review of Plaintiffs' First Amended Complaint, it is Stetson Hills and Diversified's position that the dispositive issues raised below were not cured by the amendments as they are primarily legal issues. Defense counsel again followed up with Plaintiffs' counsel regarding these issues on April 10, 2018, and was informed that Plaintiffs remain opposed to this motion.

## Introduction

Plaintiffs Christopher Sweeney and Nikole Sweeney filed this lawsuit against the City of Colorado Springs, Stetson Hills Master Home Owners Association, Inc and Diversified Property Management, LLC. Plaintiffs seek to force the HOA and property manager to force homeowners to park their cars on the street. However, there is no allegation the HOA owns or controls the streets and no allegation the HOA owns or controls the sidewalks. Although the lack of a factual allegation is sufficient to sustain this motion, Plaintiffs allege that the City of Colorado Springs (not the HOA) owns and controls the sidewalks and streets. *See* **First Amended Complaint and Jury Demand** at ¶¶ 21, 73, 97, 100, 136, 143, 157, and 159. In addition, this Court can also take judicial notice that the City of Colorado Springs owns both the streets and sidewalks. As a result, Plaintiffs' claims fail.

Plaintiffs' sole claim against Defendants Stetson Hills Master Home Owners Association, Inc. (hereinafter "Stetson Hills") and Diversified Property Management, LLC (hereinafter "Diversified") is a claim made pursuant to 42 U.S.C. § 3601, the Fair Housing Act. *See* **First Amended Complaint and Jury Demand**, pp. 27-28, Seventh Claim, ¶¶ 162-173. This Court must dismiss that claim because Plaintiffs fail to state a cognizable claim pursuant to the Fair

2

Housing Act. Plaintiffs base their claim on an allegation that Stetson Hills and Diversified failed to make a requested reasonable accommodation for Mr. Sweeney's disability.[1] However, based on applicable law and the allegations in the Complaint, there is no legal basis for any accommodation pursuant to the Fair Housing Act. Plaintiffs' allegations do not and cannot meet the statutory requirement of a failure to provide a reasonable accommodation "necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Moreover, Plaintiffs allege in the Complaint the sidewalks in question are <u>city-controlled</u>. There is no allegation or basis to allege Stetson Hills and Diversified could enforce any requirements over property they do not control. For these reasons, set forth in more detail below, Plaintiffs' Complaint, as amended, against Stetson Hills and Diversified must be dismissed in its entirety.

**Authorities and Argument**

**A.     A Complaint must contain sufficient factual allegations to raise a right to relief above a speculative level and state a claim to relief that is plausible on its face.**

A motion to dismiss made pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim must be granted unless the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). In order to survive a motion to dismiss, "the factual allegations of the complaint must be enough to raise a right to

---

[1] Defendants understand the Court must accept Plaintiffs' specific factual allegations pleaded in the Complaint as true when evaluating this motion to dismiss. Nonetheless, Defendants dispute many of the allegations in the Complaint, including disputing that the Plaintiffs ever actually made the request on which they base their claim and they dispute that the Plaintiffs are members of the HOA as they claim. Defendants are not asking the Court to consider these disputed facts at this time as they do not wish to convert this motion to a motion for summary judgment.

relief "above the speculative level" and a plaintiff must "provide the grounds of his entitlement to relief." *Id.* at 555 (internal citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss" and therefore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting Twombly, 550 U.S at 570). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (internal citations omitted). In reviewing the motion, the Court must accept all well-pleaded allegations in the complaint as true and construe them in favor of the non-moving party. *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). While generally the Court cannot consider materials outside the complaint without converting the motion to a motion for summary judgment, the Court may consider "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

  **B.** **The allegations in Plaintiffs' Complaint do not give rise to a claim under the Fair Housing Act for a failure to provide a reasonable accommodation.**

  According to the Complaint, Plaintiffs base their Fair Housing Act claim on an allegation that Stetson Hills and Diversified failed to provide a requested accommodation for Mr. Sweeney's disability. *See* **First Amended Complaint** at ¶¶ 170-173. "A reasonable accommodation is required whenever it 'may be *necessary* to afford [a disabled] person equal opportunity to use and enjoy a dwelling.'" *Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City,* 685 F.3d 917, 923 (10th Cir. 2012) citing 42 U.S.C. § 3604(f)(3)(B). To state a

claim of discrimination under the FHA for failure to accommodate, a plaintiff must show: (1) that the plaintiff or his associate is handicapped as defined by the FHA; (2) that the defendant knew or reasonably should have known of the claimed handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendants refused to make such accommodation. *Arnal v. Aspen View Condo. Ass'n, Inc.,* 226 F. Supp. 3d 1177, 1183 (D. Colo. 2016). The Fair Housing Act may require an accommodation if the accommodation is necessary, i.e. indispensable or essential, in order for a disabled person to achieve an objective of equal housing opportunities to those that are not disabled. *Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City*, 685 F.3d 917, 923 (10th Cir. 2012). "When there is no comparable housing opportunity for non-disabled people, the failure to create an opportunity for disabled people cannot be called necessary to achieve equality of opportunity in any sense." *Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City*, 685 F.3d 917, 923 (10th Cir. 2012) Here, Plaintiffs largely relied on conclusions reciting the elements of the claim, which the U.S. Supreme Court has expressly held is not sufficient in order for a complaint to survive a motion to dismiss the claim. *See Ashcroft v. Iqbal*, 556 U.S. at 678-79; *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. Thus, Plaintiffs' claims fail as a matter of law.

        **1.     Based on the allegations in the First Amended Complaint, the "accommodation" in question is not reasonable as a matter of law.**

Based on the allegations in the Complaint, Plaintiffs' request is not a request for a reasonable accommodation as provided by the Fair Housing Act. Plaintiffs' claims cannot survive a motion to dismiss simply by claiming that Mr. Sweeney's requested accommodation is

reasonable and making conclusory statements that it would not impose any undue financial or administrative burdens, or require fundamental alterations. "An accommodation is reasonable under the FHA when it imposes no fundamental alteration in the nature of the program or undue financial or administrative burdens." *Arnal v. Aspen View Condo. Ass'n, Inc.,* 226 F. Supp. 3d 1177, 1185–86 (D. Colo. 2016) citing *Giebeler v. M & B Associates*, 343 F.3d 114, 1157 (9th Cir. 2003). An accommodation is not reasonable if it requires "changes, adjustment, or modifications that would be substantial, or that would constitute fundamental alterations." *Alexander v. Choate*, 469 U.S. 287, 300 fn.20 (1985) (internal citations omitted).

First, Plaintiffs have made no allegation that the HOA owns or has any ability to control the sidewalks or streets in question, and in fact alleges that the sidewalks and streets are owned and controlled by the City of Colorado Springs. As Plaintiffs allege, there is already a city ordinance in place to prevent parking a vehicle so to block a sidewalk. *See* **First Amended Complaint** at ¶¶ 12, 66. Plaintiffs correctly allege that the City of Colorado Springs owns and controls the sidewalks and streets. *See* **First Amended Complaint and Jury Demand** at ¶¶21, 73, 97, 100, 136, 143, 157, and 159.  This Court can also take judicial notice that the City of Colorado Springs owns both the streets and sidewalks.  Additionally, Plaintiffs actually allege they made efforts to enlist the city to enforce the ordinance. *See* **First Amended Complaint** at ¶¶ 63-74. However, Plaintiffs fail to allege any ability of Stetson Hills or Diversified to otherwise exercise control over city-controlled sidewalks.  In other words, it is one thing to argue the HOA has power to require something be done or not done on property within the HOA's control (park on private property).  However, there is no allegation or basis for the proposition that the HOA has control over the residents such that it could force them to park in the street.  To require that

private Defendants essentially enforce a city ordinance on Plaintiffs' behalf would be unreasonable and should not be required. *Arnal v. Aspen View Condo. Ass'n, Inc.,* 226 F. Supp. 3d 1177, 1185–86 (D. Colo. 2016) citing *Giebeler v. M & B Associates*, 343 F.3d 114, 1157 (9th Cir. 2003).

Even if Stetson Hills or Diversified had some ability to control the streets or sidewalks, based on the Plaintiffs' own allegations, the request is still unreasonable as a matter of law. Mr. Sweeney's alleged request for an accommodation is not a request simply that he be permitted to do something contrary to the HOA's policies because of his disability. Rather, his request is that the HOA rules be changed so that ***every other member of the HOA be required*** to do something differently than is otherwise provided for under the policies. *See* **First Amended Complaint** at ¶ 170. Based on Plaintiff's own allegations, residents are currently required/encouraged to park their vehicles in their driveways. *See* **First Amended Complaint** at ¶ 37. Plaintiffs indicate their request is that residents be required to do the exact opposite of what they claim is the current policy. In other words, the demand is that these defendants prohibit all residents from parking in their own driveways and instead force them to park in the street. By joining Stetson Hills and Diversified to this matter, Plaintiffs seek to force these private Defendants to enforce a city ordinance through new covenants, changes in otherwise discretionary inspection means and methods, and use of otherwise discretionary enforcement. As a practical matter, such relief could lead to an obligation on the part of these Defendants to fine homeowners or tow a non-compliant vehicle from the owner's property. In other words, Plaintiffs' requested relief seeks to force not just a substantial change in covenants, but would also impact how and when the HOA enforces its covenants as a means to force an HOA to enforce a city ordinance.

Plaintiffs' conclusory statements that this accommodation is reasonable do not satisfy federal pleading requirements and fail as a matter of law. *See* **Complaint** at ¶¶ 62, 171. The U.S. Supreme Court has held, unequivocally, that conclusory statements such as these cannot satisfy the pleading standard required to survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. This is particularly important here, where it is clear based on Plaintiffs' allegations themselves that a request that every other member of a community be required to do the opposite of the current rules and thus prohibit every community member from parking on his or her own property clearly is a fundamental and substantial alteration and an undue burden, and therefore not a reasonable request as a matter of law. *See Alexander v. Choate*, 469 U.S. at 300 fn.20; *Arnal v. Aspen View Condo. Ass'n, Inc.*, 226 F. Supp. 3d at 1185–86.

### 2. Based on the allegations in the First Amended Complaint, the "accommodation" in question is not necessary to provide an equal opportunity.

Additionally, Plaintiffs failed to sufficiently allege any factual basis as to why this requested "accommodation" is necessary to provide Mr. Sweeney an equal opportunity to enjoy his dwelling. They simply restate this element of the claim and indicate that it is necessary. *See* **First Amended Complaint and Jury Demand** at ¶ 170. Although Plaintiffs do include allegations in their amended complaint that Mr. Sweeney cannot use the sidewalks, nowhere in their complaint do Plaintiffs allege that requiring other members of the community to park on the street is necessary *to even the playing field* between Mr. Sweeney and others who do not have a disability. *Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City*, 685 F.3d 917, 923 (10th Cir. 2012). If the allegations in the Complaint and the photograph in the Complaint are to be

accepted as true, the sidewalks that pass through the driveways in the neighborhood would be blocked for every individual wanting to use the sidewalk, not just Mr. Sweeney. *See* **First Amended Complaint**, p. 8 at ¶ 35 and photograph at bottom of page. If the sidewalk is blocked, it is blocked not only for him but for all, whether on foot, pushing a stroller or riding a bike.

Although Mr. Sweeney states that his inability to use the sidewalks is unique to a person who has a disability, he fails to explain how a person without a disability would be able to use the sidewalks if they are in fact blocked, in violation of city ordinance, as he claims. *See* **First Amended Complaint and Jury Demand**, ¶ 41. Although Mr. Sweeney also makes statements as to events that he claims to be unable to attend because he cannot use the sidewalk to get there, again he fails to state why the inability to use the sidewalk would be any different for him than for any other person attempting to use the sidewalk to get to the event. "An accommodation is necessary when there is evidence showing that the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability." *Arnal v. Aspen View Condo. Ass'n, Inc.*, 226 F. Supp. 3d 1177, 1185 (D. Colo. 2016). Indeed, Mr. Sweeney has not alleged anywhere in his Complaint that whether he is able to use the sidewalks of the neighborhood has any effect on his disability or his ability to enjoy his dwelling in the same way as those who do not have the same disability.

An accommodation cannot be necessary pursuant to the Fair Housing Act where it requests an opportunity for disabled people where there is not a comparable housing opportunity for those that are not disabled. *See Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City*, 685 F.3d 917, 923 (10th Cir. 2012). Here, if Plaintiffs' allegations are to be accepted as true, alleged city ordinance violations by individual vehicle owners makes it so no individuals can use

the sidewalks in the neighborhood, not just those who are disabled. Therefore, there can be no discrimination based on a disability under the Fair Housing Act. Moreover, Plaintiffs have not pleaded any specific allegations as to how using the sidewalks will ameliorate the effects of Mr. Sweeney's disability.

## **Conclusion**

Plaintiffs' Complaint against Stetson Hills and Diversified must be dismissed because there is no cognizable discrimination claim against them pursuant to the Fair Housing Act. Plaintiffs fail to support their claims with the requisite factual allegations that raise their claims above a speculative level. Specifically, Plaintiffs' claims fail because as a matter of law, the requested accommodation is not necessary or reasonable. Further, these Defendants have no ability to enact the requirement Plaintiffs allege they requested.

WHEREFORE, Stetson Hills Master Home Owners Association, Inc. and Diversified Property Management, LLC respectfully request that this Court enter an Order GRANTING this Motion to Dismiss, and dismiss Plaintiffs' Complaint, as amended, against them in its entirely.

Dated: April 11, 2018.

Respectfully submitted,


*s/ Karen H. Wheeler*
Karen H. Wheeler
Wheeler Waters, P.C.
8400 E. Prentice Ave., Suite 1010
Greenwood Village, Colorado 80111
Telephone: (303) 221-4787
Karen@wheelerwaters.com

Attorneys for Defendants Stetson Hills
Master Home Owners Association, Inc. and
Diversified Property Management, LLC

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-00337-WJM-KMT:

CHRISTOPHER P. SWEENEY, and NIKOLE M. SWEENEY,

Plaintiffs,

vs.

CITY OF COLORADO SPRINGS, COLORADO;
STETSON HILLS MASTER HOME OWNERS ASSOCIATION, INC.; and
DIVERSIFIED PROPERTY MANAGEMENT, LLC,

Defendants.

_____

**CERTIFICATE OF SERVICE**
_____

I hereby certify that on April 11, 2018, I electronically filed the foregoing DEFENDANTS STETSON HILLS MASTER HOME OWNERS ASSOCIATION, INC. AND DIVERSIFIED PROPERTY MANAGEMENT, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) with the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Julian G.G. Wolfson, Esq.
Law Office of Julian G.G. Wolfson, LLC
1630 Welton Street # 413
Denver, CO  80202
T:  720-507-5133
jwolfsonlaw@gmail.com

Attorney for Plaintiff

Tracy Lessig, Esq.
Lindsay Rose, Esq.
30 S. Nevada Ave., Suite 501
Colorado Springs, Colorado 80903
Telephone: (719) 385-5909
Facsimile: (719) 385-5535
tlessig@springsgov.com
lrose@springsgov.com

*Attorneys for Defendant City of Colorado Springs*

                                                *s/ Karen H. Wheeler*
                                                Karen H. Wheeler