IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-00337-WJM-KMT

CHRISTOPHER P. SWEENEY, and
NIKOLE M. SWEENEY,

Plaintiffs,

vs.

CITY OF COLORADO SPRINGS, COLORADO
STETSON HILLS MASTER HOME OWNERS ASSOCIATION, INC., and
DIVERSIFIED PROPERTY MANAGEMENT, LLC

Defendants.

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STETSON HILLS MASTER HOME OWNERS ASSOCIATION, INC. AND DIVERSIFIED PROPERTY MANAGEMENT, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Plaintiffs Christopher P. Sweeney and Nikole M. Sweeney, by and through undersigned counsel, submit the following Plaintiffs' Response to Defendants' Stetson Hills Master Home Owners Association, Inc. and Diversified Property Management LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6):

**LEGAL STANDARD**

A court's "function on a Rule 12(b)(6) motion is not to weigh potential evidence that parties may present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). When assessing a motion to dismiss under Rule 12(b)(6), it is important to take into account that "the Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim." *Maez v. Mountain States*

*Tel. & Tel.*, 54 F.3d 1488, 1496 (10th Cir. 2005).

To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to establish that a claim is facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "requires more than labels and conclusions" or the "formulaic recitation of the elements of a cause of action," a complaint attacked by a Rule 12(b)(6) motion does not need to contain "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a plaintiff's complaint need only contain enough factual allegations to rise their "right to relief above the speculative level." *Id.*

A plaintiff need not establish a *prima facie* case in their complaint to withstand a motion to dismiss under Rule 12(b)(6). Instead, the elements associated with a *prima facie* case are simply used by the court to "help determine whether [p]laintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *see also Sylvia v. Wisler*, 875 F.3d 1307, 1313 (10th Cir. 2017) ("[T]he Rule 12(b)(6) standard doesn't require a plaintiff to set forth a prima facie case for each element") (internal quotations omitted).

## **ARGUMENT**

Under the Fair Housing Act ("FHA"), housing providers, including but not limited to homeowners associations, are "prohibited from refusing to make 'reasonable accommodations in the rules, policies, or services when such an accommodation may be necessary to afford a [handicapped] person an equal opportunity to use and enjoy a dwelling.'" *Arnal v. Aspen View*

*Condo. Ass'n*, 2016 U.S. Dist. LEXIS 24523, at *5-6 (D. Colo. Feb. 29, 2016) (quoting 42 U.S.C. § 3604(f)(3)(B)); *see also Smith v. Cedars, Inc.*, 2013 U.S. Dist. LEXIS 155221 (D. Utah. Oct. 29, 2013) (imposing the FHA's reasonable accommodation provisions on homeowners associations); *Bangerter v. Orem City Corp.*, 46 F.3d 1491, at 1502 (10th Cir. 1995) (explaining that a reasonable accommodation "involves changing some rule that is generally applicable so as to make its burden less onerous on the handicapped individual").

To establish a claim of discrimination under the FHA for failure to accommodate, a plaintiff must show: "(1) that the plaintiff or his associate is handicapped as defined by the FHA; (2) that the defendant knew or reasonably should have known of the claimed handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendants refused to make such accommodation." *Arnal v. Aspen View Condo. Ass'n*, 226 F. Supp. 3d 1177, 1183 (D. Colo. 2016) (citations omitted).

Here, Defendants solely maintain that Plaintiffs' First Amended Complaint ("FAC") should be dismissed because the requested accommodation, as pled, was: (A) not reasonable and (B) not necessary to afford Plaintiffs an equal opportunity to use and enjoy their home. *See* **Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) at 5-10.** As the following sections demonstrate, however, Plaintiffs have undoubtedly pled sufficient facts to satisfy these elements and therefore have stated a claim for which relief can be granted.

**A. Plaintiffs' Requested Accommodation Was Reasonable.**

Under the FHA, an accommodation is considered reasonable when "it imposes no fundamental alteration in the nature of the program or undue financial or administrative burdens." *Id.* at 1185-86; *see also Sabal Palm Condos. of Pine Island Ridge Ass'n v. Fischer*,

2014 U.S. Dist. LEXIS 32705, at *46 (S.D. Fla. March 13, 2014) (explaining that a requested accommodation will not be reasonable when it requires the defendant to alter the "essential nature" of their operations) (citing *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1220 (11th Cir. 2008) (explaining that a "proposed accommodation amounts to a 'fundamental alteration' if it would eliminate an essential aspect of the relevant activity")); *see also PGA Tour, Inc. v. Martin*, 532 U.S. 661, 689 (1999) (holding that where a rule is peripheral to the nature of defendant's activities, "it may be waived without working a fundamental alteration"). Nevertheless, the defendant is obligated to "incur reasonable costs and take modest, affirmative steps to accommodate the handicapped." *Tsombanidis v. W. Haven. Fire Dep't*, 352 F.3d 565, 578 (2d Cir. 2003); *see also Giebeler v. M&B Assoc.*, 343 F.3d 1143, 1152 (9th Cir. 2003) ("Accommodations need not be free of all possible costs […]").

Determining whether an accommodation is reasonable is a highly fact-specific inquiry that must be made on a case-by-case basis. *See Arnal v. Aspen View Condo. Ass'n*, 2016 U.S. Dist. LEXIS 24523, at *18 (D. Colo. Feb. 29, 2016). Accordingly, courts have often held that the determination of whether an accommodation is "reasonable" is generally not proper at the motion to dismiss stage where virtually no evidentiary record has been developed. *See Austin v. Town of Farmington*, 826 F.3d 622, 630 (2d Cir. June 21, 2016); *see also Perez v. Cambeyro*, 2015 U.S. Dist. LEXIS 175721, at *13 (S.D. Fla. Sept. 1, 2015) (explaining that the "reasonableness determination under the FHA require a factual inquiry not appropriate at the motion to dismiss stage"). Instead, at this stage of the litigation, a plaintiff need only allege facts which indicate that the requested accommodation was possible. *See Giebeler*, 343 F.3d at 1156; *see also White v. York Int'l Corp.*, 45 F.3d 357, 361 (10th Cir. 1995) ("Once the plaintiff produces sufficient evidence to make a facial showing that [the] accommodation is possible, the

burden of production shifts to the employer to present evidence of its inability to accommodate").

     *i.*     *Plainitffs' FAC Contains Sufficient Factual Matter To Indicate That The Requested Accommodation Was Reasonable for Purposes Of A Motion To Dismiss.*

Here, Plainitffs' FAC clearly alleges facts which indicate that the requested accommodation would have been possible. Most importantly, Plainitffs' allege that Defendants have already made multiple other modifications to its street-side parking covenants over the last several years. *See* **Plaintiffs' First Amended Complaint at ¶¶ 75-78; 84-85.** Since Defendants have already made similar types of changes to its street-side parking covenants in recent years, it is apparent that, at the very least, Plainitffs' requested accommodation was *possible*. *Id.*

Moreover, there is no indication from Plainitffs' allegations that the requested accommodation would have imposed any substantial financial or administrative burden on Defendants or would have required a fundamental alteration to Defendants' operations. As Plaintiffs' FAC makes evident, Defendants already have a system for enforcing its street-side parking covenants. *See* **Plaintiffs' First Amended Complaint at ¶¶ 6; 37.** Accordingly, it is hard to imagine how Plainitffs' requested accommodation would have imposed any *additional* financial or administrative burdens on Defendants.[1]

Similarly, Plaintiffs' FAC is void of any allegations that would suggest that the requested accommodation would require Defendants to fundamentally alter their operations and/or activities. Defendants, as a homeowners association, have the primary purpose of providing housing and housing-related services. *See* **Plaintiffs' First Amended Complaint at ¶¶ 22-23.**

---

[1] Defendants' also failed to provide any explanation as to why and/or how the requested accommodation would impose an undue financial or administrative burden.

Here, there is no indication that requiring residents to park in the street, to the extent that they would otherwise block the sidewalks, would fundamentally alter Defendants' operations since this would not affect their ability to offer housing and housing-related services. *See Sabal Palm Condos. of Pine Island Ridge Ass'n v. Fischer*, 2014 U.S. Dist. LEXIS 32705, at *46-47 (S.D. Fla. March 13, 2014).

> ii. Defendants Failed To Demonstrate Why The Request Accommodation Was Unreasonable Based On The Allegations Contained In Plaintiffs' FAC And The Governing Case Law.

Defendants contend that the requested accommodation was nevertheless unreasonable because they claim: (1) that they do not have the power to force HOA members to park in the street and (2) that forcing other HOA members to park in the street would impose additional "burdens" on such members. *See* **Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) at 5-8**. These arguments however, are not supported by the allegations submitted in the complaint and/or by any governing case law.

For example, and contrary to the argument presented by Defendants, *see id.* at **5-6**, the facts as alleged in Plaintifffs' FAC make clear that the HOA had the power to exert control over where its members parked. *See* **Plaintiffs' First Amended Complaint at ¶¶ 6, 37-38** ("[…] the HOA maintains and enforces covenants ("street-side parking covenants") the effectively require and/or encourage residents to park in their driveway"). The mere fact that Defendants do not control the sidewalks does not alter this conclusion.

Additionally, the mere fact that an HOA member's rights and/or obligations are altered by a reasonable accommodation does not necessarily lead to the conclusion that requested

accommodation was unreasonable, as Defendants' suggest. ² *See* **Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) at 7**; *see, e.g. Haws v. Norman,* 2017 U.S. Dist. LEXIS 154589, at *18-20 (D. Utah Sept. 20, 2017) (rejecting defendant's argument that the plaintiff's accommodation request was inherently unreasonable "because it would force roommates" to live with the plaintiff's service animal "within the intimate confines of the common living spaces of the apartment" and because each roommate entered into "no-pet leases" with the defendant); *see also Gittleman v. Woodhaven Condo. Ass'n*, 972 F. Supp. 894, 898 (D.N.J. 1997) (rejecting the argument made by the defendant that "assigning [the plaintiff] an exclusive parking space would alter the other tenants' rights to use the common area" and therefore constitute an unreasonable accommodation request). This is particularly true in the instant case, where HOA members already have a legal obligation not to park their vehicles in a manner that blocks and/or obstructs the sidewalks. ³ *See* **Plaintiffs' First Amended Complaint at ¶¶ 10, 66, 112, 145.**⁴

---

² At the outset, it should be noted that Plaintiffs' requested accommodation would not require *every other member* of the HOA to alter their behavior. As alleged in Plaintiffs' FAC, the requested accommodation would *only* impact HOA members to the extent that their vehicles would otherwise block and/or obstruct the sidewalks.

³ That Plainitffs' requested accommodation would also have the effect of encouraging HOA members to comply with local ordinances in no way detracts from the reasonableness of the request, as Defendants' suggest. *See* **Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) at 7.**

⁴ Defendants' motion erroneously argues that Plainitffs' requested accommodation would force Defendants to change how they enforce their covenants. While Defendants claim that the requested accommodation "*could lead* to an obligation on the part of [the] Defendants to fine homeowners or tow a non-compliant vehicle from the owner's property," such assertion is wholly speculative and not supported by the allegations contained in Plainitffs' FAC.

In light of facts contained in Plainitffs' FAC, and Defendants' inadequate and unsubstantial arguments, it is evident that Plaintiffs' have sufficiently pled that the requested accommodation was reasonable.

### B. Plaintiffs' Accommodation Was "Necessary."

In addition to being "reasonable," the FHA requires that the requested accommodation must have also been *necessary* to provide a plaintiff with an equal opportunity to enjoy his dwelling. Courts have held that in order to be "necessary," there must be an "identifiable relationship, or nexus, between the requested accommodation and the individual's disability." *Arnal*, 2016 U.S. Dist. LEXIS 24523 at *9. That is, the accommodation sought must "affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability." *Quad Enter. Co., LLC v. Town of Southold*, 369 Fed. Appx. 202, 207-208 (2d Cir. 2010) (citing *Bronk v. Ineichen*, 54 F.3d 425, 429 (7th Cir. 1995)); *see also Arnal*, 226 F.Supp. at 1185.

Here, Plaintiffs' have indisputably alleged that the requested accommodation will affirmatively enhance Mr. Sweeney's quality of life by ameliorating the effects of his disability. For example, Plainitffs' FAC indicates that without the requested accommodation, Mr. Sweeney has been denied the ability to use the sidewalks in the same way as those who do not have mobility disabilities.  When also considering that the requested accommodation would improve his quality of life by providing him "access many of the services and facilities that are made available by the City," including but not limited to City "bus stops, mail boxes, and parks," it is evident that the accommodation sought was and is necessary to provide Mr. Sweeney with an equal opportunity to enjoy his dwelling.

Similarly, Plaintiffs' FAC alleges that due to Mr. Sweeney's disability, and Defendants' failure to grant his requested accommodation, he has uniquely been prevented from using many of the services, benefits, and/or privileges associated with being a member of the HOA. Because Plaintiffs' have alleged that the requested accommodation would ameliorate the effects of Mr. Sweeney's disability to the extent it would provide him access to the HOA's services, benefits, and/or privileges, it is evident that the requested accommodation is "necessary."

Defendants, however, claim that Plainitffs' requested accommodation would not be "necessary" under the FHA because "he fails to state why the inability to use the sidewalk would be any different for him than another person attempting to use the sidewalk […]" This claim is patently false and contrary to the allegations articulated in Plaintiffs' FAC, which clearly indicate Mr. Sweeney's inability to use the sidewalks in his community is a "unique burden not faced by HOA members without mobility disabilities."

Because Plainitffs' have alleged facts which demonstrate that the requested accommodation was necessary to provide a Mr. Sweeney with an equal opportunity to enjoy his dwelling, and in light of the fat that Defendants' argument is without any merit, Plaintiffs' urge this Court to deny Defendants' Motion to dismiss.

## CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request that this Court deny Defendants' Motion to Dismiss in its entirety.

DATED May 16, 2018

                */s/ Julian G.G. Wolfson*
                Julian G.G. Wolfson
                Law Office of Julian G.G. Wolfson, LLC
                1630 Welton Street #727
                Denver, CO 80202

          720-507-5133
          Jwolfsonlaw@gmail.com

*Attorney for Plaintiffs*

## CERTFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2018, the foregoing, **PLAINTIFFS' RESPONSE TO DEFENDANTS' STETSON HILLS MASTER HOME OWNERS ASSOCIATION, INC. AND DIVERSIFIED PROPERTY MANAGEMENT, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** was served on the following individuals:

Tracy Lessig, Division Chief
Lindsay Rose, Senior Attorney
30 S. Nevada Ave., Suite 501
Colorado Springs, Colorado 80903
Telephone: (719) 385-5909
Facsimile: (719) 385-5535
Email: tlessig@springsgov.com
      lrose@springsgov.com

*Attorneys for Defendant City of Colorado Springs*

Karen H. Wheeler
Wheeler Waters, P.C.
8400 E. Prentice Ave., Suite 1010
Greenwood Village, Colorado 80111
Telephone: (303) 221-4787
Karen@wheelerwaters.com

*Attorneys for Defendants Stetson Hills Master Home Owners Association, Inc. and Diversified Property Management, LLC*

          */s/ Julian G.G. Wolfson*